

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00263-CV

BYRON MORGAN, APPELLANT

V.

D&S MOBILE HOME CENTER, INC. AND SHAWN FULLER, APPELLEES

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2012-503,563, Honorable William C. Sowder, Presiding

May 27, 2014

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is a motion by Byron Morgan asking that D&S Mobile Home Center, Inc. "show whether or not it is a valid Texas corporation with corporate privileges recognized by the State of Texas." Attached to the motion are documents purporting to show that the corporation lost its privilege to transact business in Texas. However, the authenticity of the documents was not established. This, coupled with statutory provision indicating that the forfeiture of corporate privileges could result in the corporation's inability to sue or be sued in Texas, *see* TEX. TAX CODE ANN. § 171.252(a)

(West 2008) (stating that if corporate privileges are forfeited, the corporation shall be denied the right to sue or defend in a Texas court), requires us to abate and remand the cause to the trial court for further proceedings.

The trial court is ordered to undertake those procedures and conduct (after the provision of due notice to all parties) those hearings it deems necessary to determine 1) if D&S Mobile Home Center lost its corporate privileges granted it under Texas law, 2) when it lost those privileges, 3) why it lost those privileges, and 4) whether any lost corporate privileges have been restored to it and the date on which they were restored. The trial court is also ordered to execute findings of fact and conclusions of law addressing the foregoing matters, cause those findings to be included in a supplemental clerk's record, cause the supplemental clerk's record to be filed with the clerk of this court by June 27, 2014, cause each hearing conducted pursuant to this order to be transcribed in a supplemental reporter's record, and cause the supplemental reporter's record to be filed with the clerk of this court by June 27, 2014.  Should the trial court need additional time to perform these tasks, it must request same by June 27, 2014.

It is so ordered.

Per Curiam

2